morning your honors counsel for the United States first I'd like to reserve two minutes if I may I'll try to keep track of my time your honor that this court generally reviews arguments not raised before the district court for plain error however I think the most recent case and this has been a bone of error is plain however I think the most recent case and decided by the Supreme Court in Molina versus Martinez made clear that even if you're one tick above a guideline structure in other words if the error is with the district courts calculation rule 52 B applies and in Molina Martinez no party nor the district court found an error in the calculations however if there was an error in the calculation by the PSR was 77 to 96 months when it should have been 70 to 87 months which is exactly what we have here in Molina had the party stipulated to the base offense level yes here's a question I have that that troubles me about this whole case is there's two appeals correct correct okay so in the case that in the first appeal the parties had stipulated to the up to 20 and then there's an appeal in the district court then there's an appeal and Mr. Packard never raises an issue about that nothing in the court in the appeal then on appeal the Ninth Circuit says of course there's this one problem with the the comparison in the district courts comments in terms of sentencing but there's nothing about the 20 and at this point Mr. Packard hasn't challenged it in any way so I'm having some trouble procedurally and I went through the briefs in the first appeal and looked very careful so I'm having some trouble procedurally to know how you can have a whole appeal and then come back and now raise something that you never raised even in principle in the first appeal well I think your honor that in the in 2013 when Mr. Packard was sentenced September 2013 United States versus winner had been decided which held that the presidential burglary in Washington was broader than the generic burglary but went to the modified categorical approach so I missed it I missed it on the first and I missed it on the second however I think at the time when Mr. Packard was sentenced the second time around that was October 2015 Johnson had been decided in June of 2015 and not until actually 2016 did the Supreme Court decide Mathis and Mathis held that the Iowa State burglary which is that which the Supreme Court found was broader and that the elements I mean I understand all that but I still don't understand how you can have missed it have missed it and it's a question of was a categorical or not now may have turns out that it wasn't but at the time with the offense level stipulated to I don't I just don't understand how you can come back on the second appeal I mean procedurally so that's all I know the case progression because we're inundated on the Johnson issue as you might imagine so we're we kind of eat and sleep Johnson but I still having some trouble procedurally and maybe you can help me out sure the I think that the the case law says it is enough that an error be plain at the time of the appellate consideration which would be this time so that for that error to fall within the rule of 52 B now I think regardless of whether I didn't bring it up the first time or even at the second sentencing I think because of Mathis now that's been Mathis has been decided makes clear the Iowa statute is overbroad which is almost it was it was and I should have argued it but I didn't I still don't have an answer procedurally to why you should have but you didn't but now you get to but that's a separate issue and I think I think that's covered because now it's clear under Mathis and because the now the Mathis decision comes out I think this court can look at it and see that there was plain error well without regard to that first issue the district court said that it would impose the same sentence even if it were a different sentencing range don't we don't we afford that statement a fair amount of deference in determining whether or not there was plain error I think and I go back to Molina Martinez I think that and and also your honor I think in Acosta Chavez the court indicated that district court cannot insulate itself from a an appellate review and remand simply because it insulates insulates the decision from review but the record is replete with statements by Judge Rice that he considered this case to be outside the heartland and that what really drove the hundred and forty four month sentence was the facts that were before the district court I mean you know the go bags which indicated pretty serious intent to engage in future violent behavior the the internet searches for the parole officers residents and so on that to me speaks volumes as to why the district court thought the shaving of the IED and the addition of the shrapnel on the weak side of the bomb so that it would be directional I mean this is a pretty serious case so how can I how can I agree with you that there's been a gross miscarriage of justice here by the imposing the same sentence that the district court first imposed well I think you have to go back to the memorandum itself your honor that this court well the Ninth Circuit in an unpublished opinion decided and in that the the district or the Court of Appeals found that there was basically no victims I'm sorry there was no victims I'm not sure we said that I mean well I think it's significant that our prior panel did not set aside the district courts reference to the fact that your client had mortal intentions in fact we say in the mem dispo at page 4 that the district courts conclusion in that regard was not clearly erroneous which means that it's not reversible error and I I agree that I have to live with that your honor but mortal intentions without more bombs there are go back with personal with handcuffs and restraints and you know condoms and I mean my goodness I don't know what this guy had in mind but he was well equipped to do whatever nefarious thing he had in mind and if you look and I'm out of time I've got a minute left but if you look at the facts that in the in the Court of Appeals made clear that the bomb was not loaded at the time but it was I mean that it also that the test also showed that it did have powder in it at some point but apparently he'd emptied it out but it doesn't take long to put the powder back into the pipe bomb does it well and they did find explosive powder in the search of the premises didn't they they found powder yes but the also the me had he had everything he needed including a detonating device he had everything he needed but it did it didn't go beyond mere preparation as this court had a lot of I mean I guess I guess the question I'm asking you counsel is in the face of these facts why should I declare it was plain error for the district court to say this guy clearly had very bad intentions and I think this case is outside the heartland and whatever the guideline range is I think 144 months is the appropriate time well because I think it's substantive substantively unreasonable when you look at this I think we've got your argument in mind if you want to have some thank you rebuttal time probably we should hear from the other side good morning may it please the court my name is so the government acknowledged the winner decision in its briefing and really in asking the court about how to approach this the government was suggesting that the plain error standard is is the better way to approach this case given the record this is a unique case it sets stands upon a unique set of facts your opponent argues that it is plain air so the I'm arguing that it's not plain air and for a number of reasons and one of them has to do with my critique of winter which is set forth in my brief which is simply that you know there's winter was then there's more nuance to it and the Washington statute is has a particular wording that again I point out in my brief indicating that whatever building is used under that broad definition it cannot be a vehicle and it must be must be used as a residence council hasn't the government conceded this that Washington's residential burglary statute isn't a match in United States versus door was that a residential burglary case I think this point has been conceded but I'm interested in hearing the rest of your argument if assuming that was error assuming that the two points shouldn't have been added what's your what's your plain air argument please well my plain air argument is that the district the district courts approach this was that the calculation was clearly inadequate to address the facts and circumstances of this particular case so the district court did what it was charged with doing which was it looked at the specific facts looked at this particular defendant and it tried to construct a sentence that it believed was appropriate based upon those circumstances the parties in this case stipulated to the base level at 20 correct do we have authority that the court has to recalculate independently calculate if the party stipulate to a base offense level not that I'm aware of and we do have authority I think opposing counsels right we have authority that a trial court can't merely say this is my guideline calculation and even if it's wrong I would I would impose the sentence that's not a band-aid that would cure all right I agree with that okay and so we have that sentence I think to judge Tallman's point earlier that that that statement by the district court without more would not be enough we've got black letter law on that and here there's much more to the record right correct so I I don't think that that that insulates the the the decision of the district court the sentencing decision of the district court for for review for purposes of determining whether or not it was substantively reasonable and but I do think in this case that it was substantively reasonable and that the court clearly tried to balance the sentencing factors it was very thoughtful if you read through the record of the sentencing hearing and then review the written order that the court filed the court was very clear on its reasoning and its concerns part of its concerns I think went to simply protection of the community that it felt was necessary in this case I did want to point out that I think that if we if we applied winner in this case and the court went back and did a guideline calculation that did not find or that that residential burglaries was not a crime of violence for purposes of this guideline calculation that we would be left with a guideline calculation of a final adjusted offense level of 20 rather than 21 and I say that because the defense comes up with a level of 19 in their brief and I think it'd be 20 because once you drop down because of you it you have to recalculate then the grouping analysis and it it does end up I believe adding an additional unit to that analysis and therefore an additional level so I think we're really talking about the difference in range of what the court determined it to be based upon the stipulation of the parties or the agreement of the parties 57 to 71 months and with an adjusted offense level of 20 it would be 63 to 73 months so 63 to 71 months versus the excuse me the court determined 70 to 87 months I'm sorry so the court determined it would be 70 to 87 months and if the winner were applied and the burglary were removed as a crime of violence it would be 63 to 78 months I believe so in the court determined that the 70 to 87 month guideline range was woefully inadequate and I think that's really fundamentally at the heart of this case this is a unique case that I think both parties approached it really looking at the 3553 factors believing that that was really where the battle was going to be fought and and ultimately the court agreed with that and the 3553 factors weighed heavily in favor of the sentence the court imposed so thank you thank you Mr. Holmes I'll give you a minute for a rebuttal if you need it I just like to address the concerns of Judge Tolman I understand that this case has facts and circumstances that are troubling however when you go back to the memorandum I also I think the key there is this is that the appellate decision the memorandum says basically I'm we're going to recalculate this the district court did not do the correct calculations even given if the district court did the correct calculations it would have been far less or about 92 to 110 months or 115 months then the court indicated that when the district court looks at this after our decision we find no problem we're not going to read we're not going to remand to a different judge we find no problem of the court will look at this and it seems that the court was willing to go down first time from attempted murder so it looks like we'll give the court its due and you do you read that disposition as saying that you can't reimpose 144 months because I don't read the disposition that way our panel didn't say that the district court was somehow obligated to depart to a lower level to part is not the right word but to to impose a lower sentence than 144 months well I think when you look at the structural layer the first time and then compare it to the second time when the judge used the same reasoning but the reasoning is that is is that this case is outside the heartland and then the court explains in pretty detailed fashion in the written explanation that it gave why it thought 144 months was appropriate in other words what the court is saying is that the guidelines in this particular case are not very helpful in fashioning a sentence that is appropriate for this defendant based on these facts I respectfully disagree your honor I don't agree that that you don't read the district I don't read the memorandum that way I read it in a total memorandum yes okay all right thank you thank you he's just argued United States versus Paukert is submitted thank you both for your arguments this morning coming over from Spokane
judges: McKeown, Tallman, Christen